**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____x

VICTOR MENDOZA,                                     )          CASE NO. _____
                                                    )
                                                    )          **COMPLAINT FOR VIOLATIONS OF**
Plaintiff,                                          )          **THE FOURTH, FIFTH AND**
                                                    )          **FOURTEENTH AMENDMENTS TO**
v.                                                  )          **THE UNITED STATES CONSTITUTION**
                                                    )          (*BIVENS V. SIX UNKNOWN NAMED*
THE UNITED STATES OF AMERICA; ERIC )               *AGENTS OF FEDERAL BUREAU OF*
HOLDER,   US   ATTORNEY;   JANET )                  *NARCOTICS;* **42 U.S.C. § 1983); FALSE**
NAPOLITANO,          SECRETARY,)                    **IMPRISONMENT; NEGLIGENCE;**
DEPARTMENT     OF     HOMELAND)                     **NEGLIGENT INFLICTION OF**
SECURITY; THOMAS SNOW, DIRECTOR)                    **EMOTIONAL DISTRESS**
EXECUTIVE OFFICE OF EXECUTIVE)
REVIEW; JOHN T. MORTON, DIRECTOR,)
US    CUSTOMS    &    IMMIGRATION)
ENFORCEMENT; ICE; "ICE DOES"S 1-10,)
IMMIGRATION     AND     CUSTOMS)                    **DEMAND FOR JURY TRIAL**
ENFORCEMENTS    OFFICIALS    AND)
AGENTS; THE CITY OF NEW YORK; THE)
KINGS COUNTY DISTRICT ATTORNEY'S)
OFFICE; THE ; "DA DOES" 1 through 10;)
NEW YORK CITY POLICE DEPARTMENT;)
"POLICE DOES" 1-10; NEW YORK CITY )
DEPARTMENT    OF    CORRECTIONS;
"CORRECTION DOES" 1-10;

Defendants.
_____x

## INTRODUCTION

1.   This case challenges Immigration and Customs Enforcement's ("ICE's") practice of issuing immigration detainer that caused the detention of Plaintiff VICTOR MENDOZA in violation of the Fourth Amendment, the Fifth Amendment's Due Process Clause, and the Fourteenth Amendment. As alleged below, ICE routinely issues immigration detainers, also known as immigration holds, against people in the custody of federal, state, and local law enforcement agencies ("LEAs") without probable cause to believe they are removable as the Constitution requires, without prompt judicial probable cause determinations as the Constitution requires, and without individualized determinations of probable cause of removability and likelihood of escape as required by statute.

2.   An immigration detainer, also known as an ICE detainer, is a request that an LEA continue to detain an individual for 48 hours, excluding weekends and holidays, beyond the time when he or she would of otherwise be released from criminal custody, to provide ICE extra time to assume physical custody of the person and investigate his or his immigration status. holidays, beyond the time when he or she would of otherwise be released from criminal custody, to provide ICE extra time to assume physical custody of the person and investigate his or his immigration status.

3.   Because an immigration detainer purports to authorize multiple days of imprisonment unrelated to the initial criminal custody, it effectively causes a new seizure, and thus must be supported by probable cause to believe the individual so detained is subject to detention and removal.

4.   Yet, in practice, "ICE DOES"s not require its agents to establish probable cause before issuing immigration detainers. On the contrary, ICE agents, pursuant to agency policy and practice, routinely issue immigration detainers without probable cause, and they begin to

investigate whether an individual is subject to removal only after he or she has been subjected to additional detention on the detainer.

5. At no time does ICE provide any judicial probable cause determination. As a result, ICE's issuance of immigration detainers violates the Fourth Amendment and/or the Fifth Amendment's Due Process Clause by restraining and depriving individuals of their liberty without probable cause, and without a prompt judicial determination of probable cause. Because an immigration detainer purports to authorize multiple days of imprisonment unrelated to the initial criminal custody, it effectively causes a new seizure, and thus must be supported by probable cause to believe the individual so detained is subject to detention and removal.

6. Yet, in practice, "ICE DOES" does not require its agents to establish probable cause before issuing immigration detainers. On the contrary, ICE agents, pursuant to agency policy and practice, routinely issue immigration detainers without probable cause, and they begin to investigate whether an individual is subject to removal only after he or she has been subjected to additional detention on the detainer.

7. At no time did ICE provide any judicial probable cause determination. As a result, ICE's issuance of an immigration detainer upon Plaintiff Victor Mendoza violated the Fourth Amendment and/or the Fifth Amendment's Due Process Clause by restraining and depriving individuals of their liberty without probable cause, and without a prompt judicial determination of probable cause.

## NATURE OF CLAIM

8. This civil rights action seeks compensatory and punitive damages as a result of the wrongful arrest, seizure and illegal detention of Plaintiff Victor Mendoza, as set forth below.

9.     On October 20, 2011, Plaintiff was arrested without probable cause by members of the NYC Police Department, and charged with the following crimes by the King's County District Attorney's Office: New York Penal Section 130.20; 130.50; 130.52;130,55; 130.60; 130,65; 260.10; and 240.26, under Criminal Court of the City of New York, King's County Docket Number 2011KN083788.

10.     On April 5, 2012, at approximately "14:00 Hours" while under the custody and care of the NYC Department of Corrections, DHS and ICE. Plaintiff suffered serious physical injuries when he slipped and fell while entering the shower located at "Command GMDC Location D 2L(B)".

11.     On February 3, 2013, at approximately 23:00 hours while under the custody and care of the NYC Department of Corrections, DHS and ICE, Plaintiff suffered serious physical injuries after he was attacked, assaulted, beaten by an inmate inside of "Institution BKDC" – "Location 6 LC."

12.     On May 21, 2011, all of the criminal charges filed against Plaintiff were dismissed and sealed by Judge M. Sciarrino in Criminal Court of the City of New York, King's County, Part TP-3.

13.     Plaintiff remained in continuous, uninterrupted custody and incarceration from the date of his arrest October 20, 2011, through May 21, 2013, the date is case was dismissed.

14.     Victor Mendoza remained under the custody of the New York City Department of Corrections until May 24, 2013, then date he was taken into custody by DHS, ICE officials and removed to a separate detention facility in New Jersey.

15.     In a decision dated June 21, 2012, New York City Criminal Court, County of King's, Judge Evelyn J. Laporte, reversed her April 12, 2012 prior ruling, finding that Plaintiff s

statements uttered while he was in police custody, to be "inadmissible" at trial, as the Court determined that there did not exist probable cause when Plaintiff was arrested and taken into police custody.

16.    Mr. Mendoza's illegal detention and placement in Removal Proceedings are the direct and foreseeable consequences of official policies, patterns, practices, and customs that manifest not only intentional discrimination based on race and ethnicity and a failure to recognize basic principles of due process, but also a reckless disregard for human life and liberty. Although the U.S. government has long been aware that its failure to implement due process protections in its immigration detention and removal procedures results in unjust detention, unfair hearings and illegal deportations, neither the Department of Justice nor the Department of Homeland Security, Immigration and Customs Enforcement have rectified the shortcomings in their procedures and policies, leaving U.S. citizens like Mr. Mendoza vulnerable to erroneous apprehension, detention and prosecution.

17.    The Constitution vests certain rights to all person living within our national borders, among these the right to be free of arbitrary and capricious, unlawful detention, incarceration without probable cause.  It is the obligation of the government, both at the state and federal level, to protect the liberty and security of its citizens and residents.  In this case, the government failed to protect Mr. Mendoza, and individuals who lacked the proper training and oversight violated Mr. Mendoza's constitutional rights, causing Mr. Mendoza profound physical and psychological injuries.

**NOTICE OF CLAIM**

18.    On May 9, 2013, the Plaintiff duly served a Notice of Claim on THE CITY OF NEW YORK, THE NEW YORK POLICE DEPARTMENT, THE KINGS COUNTY

DISTRICT ATTORNEY'S OFFICE, THE NEW YORK CITY DEPARTMENT OF

CORRECTIONS, on the form provided by the Borough, for purposes of satisfying Plaintiff s

Notice requirement, requiring a claimant to specify the facts and circumstances of Plaintiff s

claim against the Borough, and its agents, servants, and employees.

19.     Within 90 days of the events giving rise to this claim, Plaintiff filed written notice

of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since

the filing of the notice, and this matter has not been settled or of otherwise disposed.

## JURISDICTION AND VENUE

20.     This civil rights action is brought pursuant to, *inter alia*, the Fourth, Fifth and

Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and other state and

federal laws for relief from commission of tortious acts.  This Court has jurisdiction over federal

claims pursuant to the constitutional provisions enumerated and 28 U.S.C. § 1331 and § 1343 (3)

and (4), as they are brought to redress deprivations of rights privileges and immunities secured

by the United States Constitution and by law.  This Court has jurisdiction over the supplemental

state claims pursuant to 28 U.S.C. § 1367.

21.     Venue is proper in the Eastern District of New York, under 28 U.S.C. § 1391(b),

in that Defendants are located in this state and district, and a substantial part of the acts and/or

omissions giving rise to Plaintiff s claim occurred in this district.

## PARTIES

### *Plaintiff Victor Mendoza*

22.     Plaintiff Victor Mendoza, is an honorable, hard-working Mexican National, who

currently resides in the State of New Jersey. Victor Mendoza had no criminal record of any type

when he was arrested and falsely accused of committing the multiple criminal offenses

referenced above relative to his arrest without probable cause on October 20, 2011

***The United States of America, ""ICE DOES"" Defendants and The New York Defendants***

23.     Defendant United States of America is sued for the wrongful and tortious acts of

its employees and agencies.  The United States is implicated by and through the actions,

policies, patterns, practices and customs of DHS and/or ICE and its policy-makers, agents and

officers.

24.     Defendants "CE DOES" 1 – 10" are or were at all times mentioned herein an

Immigration Enforcement Agent with ICE and are sued in their individual capacity.

25.     In addition to the foregoing ICE agents and officials, unknown named ICE agents

and officials are sued herein in their individual capacities under fictitious names as ""ICE

DOES" 110" because their true names, titles, capacities, and/or degree of responsibility for the

acts alleged herein are unknown to Plaintiff at this time.  When Plaintiff ascertains this

information, he will amend this Complaint accordingly.  "ICE DOES" 1-10 include, but are not

limited to, ICE Officials and Supervisors, ICE Officers, and/or Immigration Enforcement Agents

with ICE (collectively, the "ICE DOES" Defendants").  Plaintiff is informed and believes, and

thereon alleges, that the "ICE DOES" Defendants are legally liable to Plaintiff in some part for

the wrongful acts and omissions of which Plaintiff complains herein.

26. Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS ("DOC") is the legal

entity responsible for the acts and omissions of the individuals employed IN NEW YORK

CITY DEPARTMENT OF CORRECTIONS FACILITIES including the practices, policies

and procedures relating to detention, intake, screening, processing for immigration status,

transfer and medical care of each inmate and detainee at the NYC Facilities.

27.    In addition to DOC, unknown named employees of the NYC Facilities are sued herein in their individual and official capacities under fictitious names as "New York Does 1-10" because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to Plaintiff at this time.  When Plaintiff ascertains this information, he will amend this Complaint accordingly.  The New York "Correction DOES" 1-10 are or were at all times mentioned herein employees of the NYC Facilities.  In this capacity, they are or were responsible for the intake and processing of inmates upon arrival at the NYC Facilities, and the welfare and administration of medical care to detainees while they were incarcerated in the NYC Facilities.  Thus, the New York "Correction Does" 1-10 were the custodian(s) of Mr. Mendoza and responsible for his care and well-being while an inmate at the NYC Facilities. Plaintiff is informed and believes, and thereon alleges, that New York Does 1-10 are legally liable to Plaintiff in some part for the wrongful acts and omissions of which Plaintiff complains herein.

28.    Defendants DOC and New York Does 1-10, which include, but are not limited to, NYC Department of Corrections employees and officials, are hereafter collectively referred to as the "New York Defendants."

29.    All of the Defendants acted in bad faith and contrary to established law and principles of constitutional and statutory law.

30.    Plaintiff  is informed and believes and thereon alleges that each of the Defendants caused, and is liable for the unconstitutional and unlawful conduct and resulting injuries by, among other things, personally participating in said conduct or acting jointly with others who did so; by authorizing, acquiescing or setting in motion policies, plans or actions that led to the

unlawful conduct; by failing or refusing with deliberate indifference to maintain adequate supervision; and/or by ratifying the unlawful conduct taken by employees under their direction

31.     Defendants NEW YORK CITY POLICE DEPARTMENT ("NYPD") is the legal entity responsible for the acts and omissions of the individuals employed IN NEW YORK CITY DEPARTMENT OF CORRECTIONS FACILITIES including the practices, policies and procedures relating to detention, intake, screening, processing for immigration status, transfer and medical care of each inmate and detainee at the NYC Facilities.

32.     Defendants' actions were taken pursuant to policies, customs or usages of ICE and/or the New York DOC.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Fifth Amendment to the U.S. Constitution / Due Process)**
**(*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*)**
**(Against "ICE DOES" Defendants 1-10)**

33.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 of this Complaint.

34.     By illegally, arbitrarily, and capriciously detaining Mr. Mendoza, the "ICE DOES" "ICE DOES" Defendants deprived Mr. Mendoza of his constitutional right to liberty without due process of law in violation of the Fifth Amendment to the United States Constitution.

35.     "ICE DOES" Defendants knowingly and intentionally denied Mr. Mendoza his constitutional right to due process by coercing him into signing false statements, by intimidating Mr. Mendoza during the interrogation process, and by willfully disregarding or covering up Mr. Mendoza's mental disabilities.

36.     Defendants "ICE DOES" Defendants violated Mr. Mendoza's constitutional rights when they deported or caused Mr. Mendoza to be deported without reasonable basis or lawful authority.

37.     "ICE DOES" Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations.

38.     The conduct of each of the "ICE DOES" Defendants violated clearly established constitutional or other rights of which these "ICE DOES" Defendants knew, or of which a reasonable public official should have known.

39.     These "ICE DOES" Defendants' actions, omissions, policies, patterns, practices and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Mendoza's personal safety, security, freedom and civil and constitutional rights.

40.     These violations are compensable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the unlawful actions of these Defendants, Mr. Mendoza has suffered economic damages and significant physical and emotional harm.

## SECOND CLAIM FOR RELIEF

**(Fifth Amendment to the U.S. Constitution / Equal Protection)**
***(Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics)***
**(Against "ICE DOES" Defendants 1-10)**

41.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 of this Complaint.

42.     By filing a detainer/hold on Mr. Mendoza, without a prior finding of probable cause, on charges that were dismissed and sealed for this same reason, "ICE DOES" Defendants deliberately and unconstitutionally discriminated against Mr. Mendoza by placing, keeping and maintaining Mr. Mendoza on a remand no bail status when no such legal basis existed served to deny him equal protection of the law in violation of the Fifth Amendment to the United States Constitution.

43.     The ICE and ""ICE DOES" Defendants" and certain others unnamed unknown "ICE DOES" Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, or regulations. "ICE DOES" Defendants acted with the intent or purpose to discriminate against Mr. Mendoza.

44.     The ICE and ""ICE DOES" Defendants" conduct violated clearly established constitutional or other rights of which these "ICE DOES" Defendants knew, or of which a reasonable public official should have known.

45.     These ICE and ""ICE DOES" Defendants" actions, omissions, policies, patterns, practices and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Mendoza's personal safety, security, freedom and civil and constitutional rights.

46.     These violations are compensable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the unlawful actions of these Defendants, Mr. Mendoza has suffered economic damages and significant physical and emotional harm.

## THIRD CLAIM FOR RELIEF

### (Fourth Amendment to the U.S. Constitution)
### (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics)
### (Against The "ICE DOES" Defendants 1-10)

47.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47 of this Complaint.

48.     The ICE and ""ICE DOES"" Defendants, intentionally and unlawfully detained Mr. Mendoza in violation of his constitutional right to be free from unreasonable seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

49.     These Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county, or municipal laws, ordinances, regulations.

50.     These "ICE DOES" Defendants' conduct violated clearly established constitutional or other rights of which "ICE DOES" Defendants knew, or of which a reasonable public official should have known.

51.     These ICE Defendants' actions, omissions, policies, patterns, practices and customs, as complained of herein, were intentional and reckless and demonstrate a callous disregard for, or deliberate indifference to, Mr. Mendoza's personal safety, security, freedom and civil and constitutional rights.

52.     These violations are compensable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the unlawful actions of these Defendants, Mr. Mendoza has suffered economic damages and significant physical and emotional harm.

## FOURTH CLAIM FOR RELIEF

### (False Imprisonment)

53.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 52 of this Complaint.

54.     "ICE DOES" Defendants individually and as agents of the United States of America, intentionally and unlawfully deprived Mr. Mendoza of his liberty by (1) obtaining custody of Mr. Mendoza from a New York City Correctional Facility, (2) holding and detaining Mr. Mendoza in ICE custody for an appreciable period of time, without probable cause.

55.     These "ICE DOES" Defendants were acting as agents for ICE and the Department of Homeland Security, and as agents of the United States of America when they committed these acts.

56.     Mr. Mendoza never consented to ICE's arrest, detention.

57.     As a direct and proximate result of these Defendants' conduct, Mr. Mendoza has suffered and continues to suffer damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Negligence)

58.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 57 of this Complaint.

59.     ICE and the "ICE DOES" Defendants, individually and as agents of the United States of America, breached their duty of reasonable care by negligently acting or failing to act in such a way that resulted in Mr. Mendoza's wrongful detention and deportation by ICE, which these Defendants knew or should have known posed a substantial risk of grave harm to Mr. Mendoza.

60.     ICE and the "ICE DOES" Defendants ICE were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

    a.   Failing to review readily available documentation, reflecting there was a judicial finding there was no probable cause to support the criminal charges brought against Victor Mendoza.

    b.   Creating and/or sanctioning policies, patterns, practices and customs of selecting inmates to detain, interrogate and deport based on their race and/or ethnicity;

    c.   Failing to adequately train and supervise personnel performing immigration duties; and

    d.   Detaining, holding persons without probable cause.

61.     These "ICE DOES" Defendants were acting as agents for ICE and the Department of Homeland Security, and as agents of the United States of America when they committed these acts.

62.     As a direct and proximate result of ICE and the "ICE DOES" Defendants' conduct, Mr. Mendoza has suffered and continues to suffer damages in an amount to be proven at trial

## SIXTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

63.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 62 of this Complaint.

64.     ICE and the "ICE DOES" Defendants willful acts constitute outrageous conduct insofar as they were intended to cause Mr. Mendoza to be held in ICE custody, interrogated

without regard for his mental disabilities, and expelled from the national borders of the United States.

65.     ICE Defendants intended to cause Mr. Mendoza emotional distress, and/or acted in reckless disregard of the likelihood of causing Mr. Mendoza emotional distress, in committing these acts.

66.     These ICE Defendants were acting as agents for ICE and the Department of Homeland Security, and as agents of the United States of America when they committed these acts.

67.     As a direct and proximate result of ICE Defendants' acts, Mr. Mendoza suffered and continues to suffer severe mental anguish and emotional and physical distress.

68.     Mr. Mendoza has incurred and continues to incur medical expenses and other damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### (Fifth and Fourteenth Amendments to the United States Constitution)
### (42 U.S.C. § 1983)
### (Against the New York Defendants)

69.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 68 of this Complaint.

70.     The New York Defendants deprived Mr. Mendoza of his constitutional right to liberty and deprived him of this liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by causing and/or participating in the illegal, arbitrary, and capricious unlawful incarceration of Mr. Mendoza, an honest, law abiding persons. The New York Defendants caused and/or participated in Mr. Mendoza's incarceration without reasonable basis or lawful authority.

71.     The New York Defendants acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances or regulations.

72.     The conduct of The New York Defendants violated clearly established constitutional or other rights, of which Defendants knew, or of which a reasonable public official should have known.

73.     The actions, omissions, policies, patterns, practices and customs of these Defendants, complained of herein, were intentional, reckless, and show a callous disregard for, or deliberate indifference to Mr. Mendoza's personal safety, security, freedom and civil and constitutional rights.

74.     These violations are compensable pursuant to 42 U.S.C. § 1983. As a direct and proximate result of these Defendants' conduct, Mr. Mendoza has suffered economic damages and significant physical and emotional harm.

## EIGHTH CLAIM FOR RELIEF

**(Fourteenth Amendment to the United States Constitution)**
**(42 U.S.C. § 1983)**
**(Against The New York Defendants)**

75.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 74 of this Complaint.

76.     The City of New York, The New York City Police Department, the NYC Department of Corrections, their employees, agents, i.e., "The New York Defendants" unconstitutionally discriminated against Mr. Mendoza on the basis of his race and ethnicity so as to deny him equal protection of the law as guaranteed by the Fourteenth Amendment to the

United States Constitution and his liberty by causing or participating in the illegal arrest

detention and incarceration of Mr. Mendoza.

77.     The New York Defendants acted under color of law and acted or purported to act

in the performance of official duties under federal, state, county or municipal laws, ordinances or

regulations. The New York Defendants acted with the intent or purpose to discriminate against

Mr. Mendoza.

78.     The conduct of these Defendants violated clearly established constitutional or

other rights, of which Defendants knew, or of which a reasonable public official should have

known.

79.     The acts, omissions, policies, patterns, practices and customs of these Defendants

complained of herein were intentional, reckless, and show a callous disregard for, or deliberate

indifference to Mr. Mendoza's personal safety, security, freedom and civil and constitutional

rights.

80.     These violations are compensable pursuant to 42 U.S.C. § 1983. As a direct and

proximate result of these Defendants' conduct, Mr. Mendoza has suffered economic damages

and significant physical and emotional harm.

### NINTH CLAIM FOR RELIEF

**(False Arrest and Imprisonment) (Against The New York Defendants)**

81.     Plaintiff realleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 80 of this Complaint.

82.     The New York Defendants unlawfully deprived Mr. Mendoza of his liberty by (1)

allowing the placement of an Immigration Hold without a legal basis to do so and (2) physically

delivering Mr. Mendoza into the custody of ICE on May 24, 2016, after the complete dismissal

all charges against Mr. Mendoza were on May 21, 2013. Mendoza never consented to the immigration hold or detention by ICE.

83.     The New York Defendants were acting within the scope of their employment when they committed these acts.

84.     As a direct and proximate result of The New York Defendants' conduct, Mr. Mendoza has suffered and continue to suffer damages in an amount to be proven at trial.

### TENTH CLAIM FOR RELIEF
### (Negligence) (Against The New York Defendants)

85.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 84 of this Complaint.

86.     The New York Defendants breached their duty of reasonable care by negligently acting or omitting to act in such a way that resulted in Mr. Mendoza's wrongful detention by ICE, which The New York Defendants knew or should have known posed a substantial risk of grave harm to Mr. Mendoza.

87.     The New York Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

a.     Failing to review readily available documentation provided to ICE by the New York Defendants;

b.     Creating and/or sanctioning policies, patterns, practices and customs of selecting inmates to detain, interrogate and deport based on their race and/or ethnicity;

c.     Failing to adequately train and supervise New York personnel performing immigrations duties; and

d.     Detaining, holding and assisting in the unlawful incarceration of Mendoza.

88.     The New York Defendants were acting within the scope of their employment when they committed these acts.

89.     As a direct and proximate result of The New York Defendants' conduct, Plaintiff has suffered and continue to suffer damages in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress) (Against The New York Defendants)

90.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 89 of this Complaint.

91.     The New York Defendants' actions constitute outrageous conduct insofar as they were without any basis in fact and likely to cause Mr. Mendoza to be selected for questioning because of his race and/or ethnicity, be placed on an immigration hold and be transferred to ICE custody.

92.     The New York Defendants negligently caused Mr. Mendoza emotional distress, and/or acted in disregard of the probability of causing Mr. Mendoza emotional distress in committing these acts.

93.     As a direct and proximate result of the actions of The New York Defendants, Mr. Mendoza suffered and continues to suffer economic damages, severe mental and emotional anguish, which has caused Mr. Mendoza to be institutionalized on at least one occasion, as well as physical distress.

## TWELFTH CLAIM FOR RELIEF

### (MALICIOUS PROSECUTION) (Against The New York Defendants)

94.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 93 of this Complaint.

95.   The KINGS COUNTY DISTRICT ATTORNEY and "DA DOES" 1 through 10 and The New York Defendants breached their duty of reasonable care by negligently acting or omitting to act in such a way that resulted in Mr. Mendoza's wrongful detention by ICE, which The New York Defendants knew or should have known posed a substantial risk of grave harm to Mr. Mendoza.

96.   The KINGS COUNTY DISTRICT ATTORNEY and "DA DOES" 1 through 10 continued with the bad faith prosecution against Plaintiff Victor Mendoza with great spite and malice despite the fact it was determined that the defendant, a private person with no prior criminal record, had been arrested, detained and incarcerated unlawfully and without probable cause.

97.   The New York Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

a.   Failing to review readily available documentation provided to ICE by the New York Defendants;

b.   Creating and/or sanctioning policies, patterns, practices and customs of selecting inmates to detain, interrogate and deport based on their race and/or ethnicity;

c.   Failing to adequately train and supervise New York personnel performing immigrations duties; and

d.   Detaining, holding and assisting in the unlawful incarceration of Mendoza.

98.   The New York Defendants were acting within the scope of their employment when they committed these acts.

99.   As a direct and proximate result of The New York Defendants' conduct, Plaintiff has suffered and continue to suffer damages in an amount to be proven at trial.

## **PENDENT STATE CLAIMS**

100. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 99 of this Complaint.

101. This portion of the action is brought pursuant to 28 USC §1331 and 42 USC §1983 for the violation of Plaintiff s rights under the Fourth and Fourteenth Amendments secured by 42 U.S.C. §1983, and the laws and Constitution of the State of New York wherein Pendent party jurisdiction and supplementary jurisdiction over Plaintiff s' state law claims are asserted.

102. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

103. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorney's fees, and such of his and further relief as the Court deems just and proper.

104. Plaintiff resides in New Jersey a State in the United States. He was in the custody of the Department of Corrections at the time of the incident occurred The City of New York is a municipal corporation organized under the laws of the State of New York.

105. At all times mentioned, the defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York. Within 90 days of the events giving rise to this claim, Plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the notice, and this matter has not been settled or otherwise disposed of.

## FIRST CAUSE OF ACTION (42 USC §1983)

106.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 105 of this complaint.

107. Defendants acted under color of law and conspired to deprive Plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution and are liable to Plaintiff under 42 U.S.C.§1983 and §§5 and 6 of the New York State Constitution.

108. Plaintiff has been damaged as result of defendant's wrongful acts.

## SECOND CAUSE OF ACTION (MUNICIP AL LIABILITY)

109.Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 108 of this complaint.

110.    The City of New York is liable for the damages suffered by the Plaintiff as a result of the conduct of their employees, agents, and servants.

111.    The City of New York knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

112.    The aforesaid event was not an isolated incident. The City of New York had been aware for some time (from lawsuits, notices of claims, inmate complaints, internal investigations, news reports, etc.) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City of New York insufficiently disciplines officers for not reporting fellow officers' misconduct that they have observed, and it fails to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer

behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually.

113.   In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take correction action. The failure and these policies caused the officers in the present case to violate Plaintiff s civil and constitutional rights, without fear of reprisal.

114.   The City of New York knew, or should have known that the officers who caused Plaintiff s injury has a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

115.   The City of New York has failed to take the steps to discipline, train, supervise or of otherwise correct the improper, illegal conduct of the individual defendants in similar cases involving misconduct.

116.   The above described policies and customs demonstrated deliberate indifference on part of the policymakers of the City of New York to the constitutional rights of the persons within the New York City, and were the cause of the violations of Plaintiff s rights otherwise alleged.

117.   They City of New York has damaged Plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents, or servants in this and in similar cases involving officer misconduct.

118.   Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

### THIRD CAUSE OF ACTION

#### (ASSAULT)

119.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 118 of this complaint.

120.     Plaintiff was hit, punched and kicked while he was incarcerated about his entire body as indicated above; these assaults caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

121.      All of the Defendants have deprived Plaintiff of civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

122.     Plaintiff was damaged by Defendants' assault.

### FOURTH CAUSE OF ACTION

#### (NEGLIGENT HIRING & RETENTION)

123.      Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 122 of this complaint.

124.     Defendants City of New York; NYCPD; NYCDOC; Kings County District Attorney's Office; "DA DOES 1 through 10, knew or should have known of facts that would have led reasonable and prudent people to further investigate Plaintiff s protestations of non-guilt, innocence and non-deportability.

125.     The Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to Plaintiff 's injury.

126.    The Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

127.    Defendants City of New York has deprived Plaintiff of this civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under common law, 42 USC § 1983 and the New York Constitution.

128.    The injury to Plaintiff was caused by the officers' foreseeable use of excessive force.

## FIFTH CAUSE OF ACTION

### (RESPONDEAT SUPERIOR)

129.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 128 of this complaint.

130.    Defendants' intentional and tortuous acts were undertaken within the scope of their employment in furtherance of the defendant City of New York's interest.

131.    Plaintiff suffered multiple personal and physical injuries while in custody of the Defendants.

## DAMAGES

132.    As a direct and proximate result of the acts of defendants, Plaintiff, suffered the following injuries and damages:

a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

c. Violation of his New York State under his New York State Constitutional right under Article 1, Section 6 to due Process of law;

d. Violation of his New York Constitutional right under Article 1, Section 5, to be free from cruel and unusual punishment;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and;

g. Deprivation of his liberty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1.     For general damages against the United States, the ICE, DHS and "ICE DOES" Defendants, and The New York Defendants, inclusive of each "ICE DOES" Defendant and New York Defendants, jointly and severally, in an amount to be proven at trial;

2.     For special damages against the United States, ICE Defendants, and The New York Defendants, inclusive of each "ICE DOES" Defendants and DOC Doe Defendants, jointly and severally, in an amount to be proven at trial;

3.     For punitive and exemplary damages against the individual "ICE DOES" Defendants, and the individual New York Defendants, inclusive of each "ICE DOES" Defendant and New York Defendants, jointly and severally, in an amount to be proven at trial;

4.    For reasonable costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988

and any other applicable law;

5.    For injunctive relief that the Court may deem just and proper; and

6.    For such other relief as the Court may deem just and proper.

## TRIAL BY JURY

`   Plaintiff hereby demands trial by jury on all issues pursuant to Federal Rule of

Civil Procedure 38(b) which allows such a demand to be included in this Pleading.

Dated: May 12, 2016
New York, New York

## RULE 11 SIGNATURE CERTIFICATION

By:  *Alexander Cane' -* (ARC8698)
Law Office of Alexander Cane', LLC
Attorney for Plaintiff
30 Wall Street – 8th Floor
New York, NY  10005
Phone: 212.709.8351
Cell:  732-991-0204
ACaneLaw@gmail.com