UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

VICTOR MENDOZA,

                      Plaintiff,

        v.

UNITED STATES OF AMERICA, ERIC HOLDER, JANET NAPOLITANO, THOMAS SNOW, JOHN T. MORTON, ICE, ICE DOES 1–10, IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICIALS AND AGENTS, THE CITY OF NEW YORK, THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, THE DISTRICT ATTORNEY DOES 1–10, NEW YORK CITY POLICE DEPARTMENT, POLICE DOES 1–10, NEW YORK CITY DEPARTMENT OF CORRECTIONS, and CORRECTION DOES 1–10,

                      Defendants.

**ORDER**
16-CV-2652 (MKB) (RML)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Victor Mendoza commenced the above-captioned action on May 24, 2016, against, *inter alia*, Defendant the United States of America, asserting claims pursuant to the United States Constitution, 42 U.S.C. § 1983, and New York state law. (Compl., Docket Entry No. 1.)

        On October 25, 2017, Plaintiff's attorney moved to withdraw as counsel, (Mot. to Withdraw, Docket Entry No. 28), which motion was granted by Magistrate Judge Robert M. Levy on October 25, 2017, (Order dated Oct. 25, 2017). Judge Levy directed Plaintiff to obtain new counsel by January 5, 2018, and if unsuccessful, be prepared to proceed *pro se* at such time. (*Id.*)

By letter dated December 20, 2017, Plaintiff, through his former counsel, requested additional time to obtain new counsel, (Pl. Letter dated Dec. 20, 2017), which request was granted by Judge Levy on January 12, 2018, (Order dated Jan. 12, 2018). Plaintiff's time to obtain new counsel was extended to February 5, 2018, and an initial conference was scheduled for February 12, 2018. (*Id.*) Judge Levy directed Plaintiff's former counsel to serve a copy of Judge Levy's order on Plaintiff and file proof of service on the docket. (*Id.*) Former counsel did not file proof of service.

On February 12, 2018, Plaintiff failed to appear for the conference. (Minute Entry dated Feb. 12, 2018.) The same day, Judge Levy entered an order noting that Plaintiff's counsel had failed to file proof of service on the docket, and rescheduled the conference for March 15, 2018. (*Id.*) Judge Levy warned Plaintiff that "[f]ailure to appear, or to request an adjournment, may result in sanctions, including possible dismissal of this case for failure to prosecute." (*Id.*) Judge Levy sent a copy of the order to Plaintiff's address by first-class mail.

On March 15, 2018, Plaintiff again failed to appear for the conference. (Minute Entry dated Mar. 16, 2018.)

By report and recommendation dated March 20, 2018 (the "R&R"), Judge Levy recommended that the Court dismiss the action for failure to prosecute. (R&R 2, Docket Entry No. 31.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to

2

object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court dismisses this action for failure to prosecute. The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 25, 2018
      Brooklyn, New York

3